IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


SHANNON ALBRIGHT,

                    Plaintiff,

          v.                         CASE NO.  12-3235-SAC

KANSAS DEPARTMENT OF
CORRECTIONS, et al.,

                    DefendantS.


## MEMORANDUM AND ORDER

This pro se civil rights complaint was filed pursuant to 42 U.S.C. § 1983 by a state prisoner.  Mr. Albright claims that his constitutional rights under the First, Sixth, and Fourteenth Amendments were violated during prison disciplinary proceedings. Having examined all materials filed, the court finds that the complaint is deficient in several ways.  Plaintiff is given time to cure these deficiencies.  If he fails to comply within the prescribed time this action may be dismissed without further notice.

## ALLEGATIONS AND CLAIMS

In this action, plaintiff attempts to challenge his convictions in disciplinary proceedings that arose from two distinct incidents at the Ellsworth Correctional Facility in Ellsworth, Kansas (ECF). However, some of his general allegations and claims fail to specify to which incident they refer.  The court has attempted to separate

1

specific allegations and discuss them under the related incident. The exhibits attached to plaintiff's complaint are parts of the administrative record in the two disciplinary proceedings and are considered a part of plaintiff's complaint.  As the factual background for his complaint, plaintiff alleges the following.

At the ECF, Mr. Albright wrote a letter to his wife, which he delivered to the institution's mailbox for mailing.  The letter was read in the ECF mailroom, found to contain threatening and intimidating statements, and confiscated.  A disciplinary report (DR) for a "class one disciplinary infraction" was written against Mr. Albright charging him with rules violations: Threatening and Intimidating (44-12-306) and Mail (44-12-601).  Plaintiff received a copy of the Disciplinary Report (DR) and notice of the hearing in a timely manner, was advised of the possible penalty, and waived having the reporting officer testify.  Complaint (Doc. 1-1) at 4. He acknowledged that he understood the charges and the possible penalties.  Plaintiff pleaded guilty to the mail charge and not guilty to the threatening and intimidating charge.  A hearing on these charges was conducted by CSII Beaver on November 16, 2011. Plaintiff testified at the hearing that he made the statements in the letters, which the hearing officer found "were threatening in nature."  Plaintiff testified in his defense that his wife "likes it rough," had said "the whole being raped and beaten thing" to him

in person and stuff "trying to be funny," and that he loved his wife and was not going to threaten her.  He argued that his statements in his letter were taken out of context.  He also questioned how he could rape his wife, and how his wife's testimony was "irrelevant if she feels threatened and intimidat[ed]."  Plaintiff also admitted that he had stated he would "have no problem shooting a mother fucker," but argued that he was not threatening a particular person. *Id.*  The evidence presented at the hearing was described as "copy of letters" and Mr. Albright's testimony.  *Id.* at 6.  Mr. Albright was found guilty "based on the written report" and his own testimony in which he admitted to making the statements.  *Id.*  The decision of the hearing officer was approved by the Facility Warden, and Mr. Albright was notified of his right to appeal.  Plaintiff exhibits a copy of his "Disciplinary Appeal to the Secretary" dated December 7, 2011.  The reasons plaintiff provided for his appeal included that he "did not threaten his wife, this is ridiculous" and that the statements were "the way we talk to one another" and their relationship.  He argued that while "someone may disagree with it" they "did not have the right to tell us it's wrong."  He further argued that he would protect his wife, and since he did not specify a particular person he would hurt there was no victim and thus "no crime."  He complained that he asked to have his wife testify but they would not call her, and he suggested in his appeal that she be

contacted.   The hearing officer's decision was approved on appeal and found to be "based on some evidence."  *Id.* at 1.   The sanctions approved on appeal were: restriction from privileges up to 10 days, fine not to exceed $10, extra work w/o incentive pay not more than 2 hrs/day no more than 5 days, work w/o incentive pay not to exceed 5 days, and restitution not less than $3.00 nor more than $20.00. *Id*.

The pages attached to the complaint that are grouped as "Exhibit B" pertain to the distinct disciplinary charge against plaintiff of "44-12-902 Contraband."   The hearing on this charge was apparently also held on November 16, 2011.  Plaintiff's exhibit refers to the "evidence" in this hearing as "Piece of Emery Cloth."  *See* Doc. 1-1 at 11.  Mr. Albright testified at his hearing that he had only been in the cell for a week when they shook it down and found "the stuff" between the top and bottom bunks, that he had not seen the emery cloth which he stated was like sand paper, that he did not put it there, he did not see his cellmate put it there, and someone else put it there.  The summary of "FMS Hawks" testimony is not at all clear, but it appears he testified that the cable outlet "in between the two" had the paint and screws "chipped away," the seal around the outlet had been broken, and there was none of the usual dust inside. He further testified that the only person that worked in the cable boxes would have had no conceivable need for an emery cloth.

4

Plaintiff was found guilty of this charge "based on the written report and testimony."  "G.O. 09-114" was cited for the proposition that when contraband was found in a common area in a cell, all inmates assigned to the cell will be held responsible.  The same sanctions were imposed as in plaintiff's other disciplinary proceeding.  *See* Doc. 1-1, at 8, 11.  In his exhibited appeal, plaintiff repeated his statement that he had only been in the cell for a week and did not know about the contraband.  He made several arguments including that he did not have any implement with which to unscrew the outlet and thus had no access to it and had no use for an emery cloth.  The decision and sanctions were approved on appeal.

Plaintiff claims as follows.  Defendants violated his right to Freedom of Speech by attempting "to regulate the way (he) speaks to and engages in humor with his wife."  Defendant Roberts violated due process "by failing to adhere to K.A.R. 44-13-105,[1] by not allowing (plaintiff) to have a fair and impartial hearing officer."  As a result, "the hearing officer failed to consider that there was no evidence suggesting (plaintiff) knew anything about the contraband" and failed to consider plaintiff's cellmate's testimony.  Defendant Roberts violated due process by failing to train officers to shake down cells before an inmate moved in and "allowing the hearing officer to ignore this oversight."  Defendants violated due process "by

_____

[1]     This statute currently requires the warden at an institution to appoint a disciplinary administrator and "impartial hearing officers."

failing to adhere to" other specific provisions of cited Kansas Administrative Regulations and Kansas statutes.[2]  Defendants did not evaluate the evidence fairly and abused their authority.

Plaintiff sues the Kansas Department of Corrections (KDOC) and Secretary of Corrections Raymond Roberts.  Based upon the foregoing allegations and claims, he asserts that these defendants violated his right to Due Process under the Fourteenth Amendment, right to legal counsel under the Sixth Amendment, and Freedom of Speech under the First Amendment.  The only relief sought by Mr. Albright is $1,800.00.

## LEGAL STANDARDS

### A.  Screening

Because plaintiff is a prisoner suing government officials, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a),(b) and 28 U.S.C. § 1915(e)(2)(B).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington*

---

[2]     Plaintiff does not provide the content of any of these provisions.  Nor does he describe the acts of defendants that did not adhere to each.

*v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nonetheless, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).  A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**B.   *Due Process Challenges to Prison Disciplinary Proceedings***

"The Fourteenth Amendment prohibits states from depriving citizens of liberty without due process of law." *Wilson v. Jones*, 430 F.3d 1113, 1117 (10th Cir. 2005).  This guarantee applies to prison inmates. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  "Due process requires procedural protections before a prison inmate can be deprived of a protected liberty interest in earned good time credits." *Abdulhaseeb v. Ward*, 173 Fed.Appx. 658, 661 (10th Cir.

2006)(citing *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996)).[3]

However, due process is not implicated by every disciplinary sanction imposed upon a prison inmate. Instead, the Supreme Court has held that protected liberty interests are at issue in the prison setting only when an inmate is subjected to (1) conditions that "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or (2) disciplinary actions that "inevitably affect the duration of his sentence." *Harrison v. Morton*, 490 Fed.Appx. 988, 992 (10th Cir. 2012)(quoting *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995)). Punishments of fines and restrictions for a certain number of days only, for example, generally "fail to implicate a protected liberty interest." *Id.* (citing *Sandin*, 515 U.S. at 483-84, 487). It follows that the procedural protections afforded by *Wolff v. McDonnell* simply do not apply to these "hardly atypical" disciplinary measures, which "do not rise to the level of disciplinary measures that 'inevitably

---

[3]     Challenges to prison disciplinary proceedings in which good-time credits have been forfeited and restoration is sought must be raised in federal court by petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 because the a decision restoring credit would impact the length of confinement. *Abdulhaseeb*, 173 Fed.Appx. at 659 n.1 (citing *see McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997)(petitions under § 2241 are used to attack the execution of a sentence, including the deprivation of good-time credits and other prison disciplinary matters); *Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987)("If [the petitioner] can show that his due process rights were violated in the subject disciplinary proceedings, then § 2241 would be the appropriate remedy to use to restore his good time credits.")).   The petitioner in a § 2241 petition must show that prior to filing in federal court he exhausted all remedies available in the state including state court remedies.

affect the duration of (the inmate's) sentence.'" *Hornsby v. Jones*, 392 Fed.Appx. 653, 655 (10th Cir. 2010).[4]

If a protected liberty interest is implicated, the following procedures must be provided in a prison disciplinary hearing:

> (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S.* 445, 455-56 (1985).[5]  Furthermore, the results of the disciplinary hearing must be supported by "some evidence in the record." *Id.*

### C.  *Personal Participation*

---

[4]    The Tenth Circuit considered and rejected arguments regarding the alleged adverse impact of a disciplinary record upon a petitioner's security classification and eligibility for parole.  *Harrison*, 490 Fed.Appx. at 993 (citing *see Marshall v. Morton*, 421 Fed.Appx. 832, 837-38 (10th Cir. 2011)).  In *Marshall*, the Circuit concluded that a reduction in an inmate's security classification does not implicate a liberty interest and that the other privileges lost with such a reduction, such as reduced pay or restrictions on recreational privileges, do not impose an atypical hardship compared to the normal incidents of prison life.  *Id.* at 838; *see also Penrod v. Zavaras*, 94 F.3d 1399, 1407 (10th Cir. 1996)(holding an inmate has no protected liberty interest in prison employment).  Moreover, the possibility that a disciplinary conviction will negatively impact an inmate's parole consideration is "too attenuated" and based on too many other considerations to constitute a protected liberty interest.  *Marshall*, 421 Fed.Appx. at 838 (citing *Sandin*, 515 U.S. at 487).

[5]    "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  They "take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so."  *Id.* (citing *Wolff*, 418 U.S. at 556, 561).  "Ascertaining whether (the due process) standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence.  Instead, the relevant inquiry is whether there is any evidence that could support the conclusion reached by the disciplinary board."  *Superintendent*,, 472 U.S at 455-56.  The decision can be upheld even if the evidence supporting the decision is "meager".  *Id.* at 457.

"[P]ersonal participation in the specific constitutional violation complained of is essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011)(citation omitted).  The Tenth Circuit has previously held that the mere affirmance of the denial of a grievance is inadequate for personal participation.  *See Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012).

### D.  *42 U.S.C. § 1997e(e)*

42 U.S.C. § 1997e(e)provides, in pertinent part:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

*Id.*  Section 1997e(e) applies regardless of the nature of the underlying substantive violation asserted.  *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001)(applying § 1997e(e) to the plaintiff's First Amendment claim for free exercise of religion).

### DISCUSSION

Having considered all the materials filed by plaintiff, the court finds that the complaint is subject to dismissal for the following reasons.

### A.  *Defendants*

The only defendants named in the caption of the complaint are the KDOC and Secretary of Corrections Ray Roberts.[6]  As noted, in

---

[6]    Plaintiff's reference in his complaint to "[a]ny John Doe or Jane Doe that may be discoverable" does not properly designate an additional defendant.  Nor

order to state a claim under § 1983, the plaintiff must show that the alleged deprivation was committed by a "person" acting under color of state law.   The KDOC is not a "person" amenable to suit under § 1983.   Furthermore, the State and its agencies are immune to suit for money damages.

The only "person" named as a defendant in the caption is Secretary Roberts.   However, plaintiff alleges no facts showing that defendant Roberts personally participated in any manner in either of the prison disciplinary proceedings under challenge.   As noted, personal participation of the defendant is an essential element of a civil rights claim.   Secretary Roberts cannot be held liable based solely on his supervisory capacity.   Nor may his liability be based upon his having affirmed the denial of a grievance or administrative appeal.   Furthermore, plaintiff does not adequately describe any policy promulgated by defendant Roberts and show that the policy was the cause of the alleged constitutional violations.[7]   In addition, even if defendant Roberts violated state regulations or statutes, the violation of state laws does not state a claim under § 1983.   All

does plaintiff provide any information that would allow a Doe defendant to be identified or served.   The court finds that plaintiff has failed to properly name any John or Jane Doe defendant.

[7]   Plaintiff's allegation that "defendant Roberts failed to train officers" to shake down cells before an inmate moved in is not supported by facts showing it was Secretary Roberts' responsibility to train ECF officers to do cell shake downs or that the shake down of plaintiff's cell was unconstitutional. Furthermore, plaintiff does not allege facts showing that Secretary Roberts wrote the DR against him based on his letter to his wife or determined that the content of that letter was threatening and intimidating.

of plaintiff's claims in this § 1983 complaint are subject to dismissal because of his failure to allege facts demonstrating the personal participation of Secretary Roberts, the sole "person" named as a defendant, in the alleged constitutional violations.[8]

### B.   Due Process Claims

Mr. Albright was sanctioned only with fines and restrictions after being found guilty of all charges.  No loss of good time was imposed.  As noted, punishments of fines and restrictions fail to implicate a protected liberty interest.  As a consequence, plaintiff was not entitled to the procedural protections afforded by *Wolff v. McDonnell* in either of the disciplinary proceedings challenged in this case.  It follows that plaintiff's claims, including denial of a witness and the insufficiency or disregard of the evidence, are subject to dismissal with prejudice for failure to state a claim.

### C.   Claim for Damages

The only relief sought by Mr. Albright in his complaint is money damages.  He filed this action while a prisoner confined in a correctional facility.  Nowhere in his complaint does he allege facts showing a physical injury.  It follows that his claim for damages is barred by 42 U.S.C. § 1997e(e).

---

[8]    Plaintiff's assertion of a claim under the Sixth Amendment is nothing but a formulaic recitation supported by no facts whatsoever.  In any event, a disciplinary proceeding is not a criminal prosecution and, given the sanctions imposed, he had no constitutional right to produce witnesses.  Plaintiff does not suggest that he was prevented from presenting a written statement from his wife.

For all the foregoing reasons, the court finds that plaintiff's § 1983 complaint is subject to dismissal as frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2)(B)(ii), and as barred by 42 U.S.C. § 1997e(e).  Plaintiff is given time to show good cause why this action should not be dismissed for the reasons stated herein.  If he does not show good cause within the time allotted, this action may be dismissed without further notice.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is granted thirty (30) days in which to show good cause why this action should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

Dated this 10th day of June, 2015, at Topeka, Kansas.


**s/Sam A. Crow**
**U. S. Senior District Judge**